1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9
10

11  HORTENSE WHITE,                    ) 1:12-cv—01416-SKO-HC
                                       )
12              Petitioner,            ) ORDER DEEMING THE FIRST AMENDED
                                       ) COMPLAINT TO BE A FIRST AMENDED
13      v.                             ) PETITION (DOC. 6)
                                       )
14  MISS ESOLA, et al.,                ) INFORMATIONAL ORDER
                                       )
15              Respondents.           ) ORDER DISMISSING THE FIRST
                                       ) AMENDED PETITION WITH LEAVE TO
16  _____  ) FILE A SECOND AMENDED PETITION NO
                                         LATER THAN THIRTY (30) DAYS AFTER
17                                       SERVICE OF THIS ORDER

18                                       ORDER DIRECTING THE CLERK TO SEND
                                         PETITIONER A HABEAS CORPUS
19                                       PETITION FORM

20                                       ORDER DISREGARDING NOTICE (DOC.
                                         8)
21
                                         **DEADLINE FOR FILING AN AMENDED**
22                                       **PETITION:   THIRTY (30) DAYS**

23

24      Petitioner is a state prisoner proceeding pro se and in

25  forma pauperis with a petition for writ of habeas corpus pursuant

    to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),
26
    Petitioner has consented to the jurisdiction of the United States
27
    Magistrate Judge to conduct all further proceedings in the case,
28

                                      1

including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 10, 2012 (doc. 4).  Pending before the Court is the first amended petition, which was filed on September 12, 2012.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient.  The petition must instead state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

(9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   <u>First Amended Petition</u>

Petitioner has filed what purports to be a first amended complaint.  (Doc. 6.)  However, although much of the document is unintelligible, Petitioner mentions release and emancipation.  (<u>Id.</u> at 2.)  Further, Petitioner's initial pleading was a petition for writ of habeas corpus.

Accordingly, Petitioner's first amended complaint is DEEMED to be a first amended petition for writ of habeas corpus (FAP).

## III.   <u>Jurisdiction</u>

In the initial petition filed on August 29, 2012, Petitioner alleged that she was an inmate of the Central California Women's Facility (CCWF) in Madera, California, serving a sentence of unstated length imposed on July 6, 2010.   (Pet., doc. 1, 2.)  In the FAP, Petitioner alleges that she in an inmate of the California Institution for Women at Corona, California.  (FAP, doc. 6, 1.)  It thus appears that Petitioner has been transferred to an institution outside the territorial limits of the Eastern District of California.  The Court maintains its jurisdiction, however, because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."  <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990) (citing <u>Smith v. Campbell</u>, 450 F.2d 829, 834 (9th Cir. 1971)).

3

IV.   <u>Allegations of the First Amended Petition</u>

Petitioner's allegations in the FAP are unintelligible and unclear.

V.   <u>Dismissal with Leave to File an Amended Petition</u>

Here, because of the uncertainty and lack of clarity in the FAP, the petition must be dismissed.

With respect to the filing of a second amended petition, Petitioner is INFORMED that a federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Further, a petition for writ of habeas corpus brought on behalf of one in custody under a state court judgment shall allege the name of the person who has custody over the applicant as respondent.  28 U.S.C. § 2242; Habeas Rule 2(a).  A failure to name the proper respondent destroys personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

4

Statutory provisions permit the filing of a habeas petition challenging a conviction in the district of confinement or the district of conviction.  28 U.S.C. § 2241(d).  Such a petition should generally be decided by the district in which the conviction was sustained.  Laue v. Nelson, 279 F.Supp. 265, 266 (C.D.Cal. 1968).  However, when the petition is directed to the manner in which a sentence is being executed, such as a claim concerning parole or time credits, the district of confinement is the preferable forum.  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Finally, 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus shall be in writing and be signed and verified by the person for whose relief it is intended or by

someone acting in his behalf.

Here, it is not clear that Petitioner is challenging the legality or duration of Petitioner's confinement.  Further, any grounds for such a challenge are not stated sufficiently clearly to be intelligible.  There is no basis for a determination of the proper venue, or situs, of Petitioner's action.  Petitioner did not name Petitioner's custodian as a respondent, and did not allege full exhaustion of state court remedies as to any claim. The relief that Petitioner requests is unclear.

Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition.  Petitioner is advised that the amended petition should be entitled, "Second Amended Petition," and it must refer to the case number in this action. Further, Petitioner is INFORMED that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

VI.  Disregarding Petitioner's Notice

On September 20, 2012, Petitioner filed a document which was docketed as a notice.  The document is styled as a letter and is clearly intended to be routed to the office of the Clerk of the Central District of California.  The document is therefore DISREGARDED.

VII.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The complaint filed on September 12, 2012, is DEEMED to be a petition for writ of habeas corpus; and

2) The document docketed as a notice, filed on September 20, 2012 (doc. 8), is DISREGARDED; and

3)  The petition for writ of habeas corpus is DISMISSED with leave to amend; and

4) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

5) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:    September 24, 2012**          /s/ **Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE