UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE,<br><br>        Petitioner,<br><br>   v.<br><br>ESOLA, C.,<br>        Respondent. | 1:12-cv—01416-SKO-HC<br><br>ORDER DISMISSING THE SECOND AMENDED PETITION WITHOUT LEAVE TO AMEND (DOC. 13)<br><br>ORDER DISREGARDING PETITIONER'S CORRESPONDENCE (DOCS. 14, 16, 17, 19, 20)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 10, 2012 (doc. 4). Pending before the Court is the second amended petition (SAP) for writ of habeas corpus, which was filed on October 5, 2012, pursuant to the Court's order of September 25, 2012, in

1

which the Court dismissed the first amended petition with leave to amend within thirty days.

## I.   Screening the Second Amended Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. <u>Petitioner's Pleadings</u>

The first amended petition was dismissed with leave to amend because it suffered from the procedural defects of an improper respondent and an apparent failure to exhaust state court remedies, and because the claims set forth were unintelligible and uncertain.

In the SAP, Petitioner alleges that she is an inmate of the Central California Women's Facility (CCWF), although her address as noticed upon the docket is the California Institution for Women (CIW) at Corona, California. Petitioner alleges that she is serving a five-year sentence imposed in 2009 or 2010 in the Superior Court of the State of California for the County of Madera for attempted battery on a non-confined person by an inmate. (FAP, doc. 13, 1.) It appears that Petitioner failed to exhaust state court remedies with respect to her claims. (Id. at 2-3, 5-6.) Petitioner names as Respondent one "ESOLA; C," who does not appear to be Petitioner's custodian.

More fundamentally, Petitioner's claims are unintelligible. The grounds set forth in the SAP are as follows:

> Ground one: Attempt-BATTERY confined person by inmate VIRAGO was innocent and here for no reason no bodies touched....
> ....
> Ground two: Same offense, also had maxed out while into this Prison, And to Proceed no more Parole or Prison term....
> ....
> Ground three: To the fact ahead: case for time had,

3

```
     Great Bodily injury. Jam bi ya for a razor; of wuld
     been third strike....
     ....
     Ground four:  Attempt Battery confined Person by
     inmate my complaint is Deemed with habeas corpus
     (FAP)....
```
(FAP 4-5.)

Likewise, the supporting facts set forth after each of the four grounds stated above are unintelligible or nonsensical. (Id.)

Because Petitioner's claims are unintelligible, Petitioner's claims must be dismissed.

Further, in light of the nature and content of Petitioner's allegations, and further considering Petitioner's failure to allege intelligible, cognizable claims despite having filed two amended petitions, the Court concludes that it does not appear that Petitioner could state tenable claims for relief if leave to amend were again granted.

Accordingly, the SAP will be dismissed without leave to amend.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or

4

that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disregarding Petitioner's Additional Filings

After the SAP was filed, Petitioner filed several documents in the form of correspondence, including documents 14 through 14-

5

2 filed on October 5, 2012 (also docketed as a request); document 16 filed on October 9, 2012 (also docketed as a request); document 17 filed on October 9, 2012; document 19, filed on October 11, 2012; and document 20, containing six additional letters, filed on October 11, 2012.  Because these documents do not constitute motions or pleadings, they will be disregarded.

V. Disposition

Accordingly, it is ORDERED that:

1) Petitioner' second amended petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) Petitioner's correspondence is DISREGARDED; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the case because this order of dismissal terminates the proceeding.

IT IS SO ORDERED.

**Dated:   October 31, 2012**            /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE